## HIRSCHBERG v. UNITED STATES.

District Court, S. D. New York.

April 19, 1937.

Joseph B. Kaufman, of New York City, for plaintiff.

Lamar Hardy, U. S. Atty., of New York City, for the Southern District (Charles J. Nager, Asst. U. S. Atty., of New York City, and David McKibbin, 3rd, Sp. Asst. U. S. Atty., of Wildwood, N. J., of counsel), for defendant.

MANDELBAUM, District Judge.

The relief sought in this action is the recovery of certain income taxes paid by

the plaintiff for the years 1920 and 1921. The basis for these claims for refunds is that the stock losses involved were erroneously disallowed by the Commissioner of Internal Revenue.

The plaintiff sustained stock losses in 1920 and 1921 as a result of a joint venture with other traders. These transactions were carried on daily and *the net results* thereof were recorded by the plaintiff's secretary on memorandum slips and later transferred into a little black book (Plaintiff's Exhibit 21). There was no evidence, either documentary or oral, regarding the cost price of the stock purchases, or the selling price thereof, that would reflect the net result of the transaction. All that was produced, as above indicated, was the book which contained a record of the net result of each day's trade.

Section 214 (a) of the Revenue Acts of 1918 and 1921 (40 Stat. 1066, 42 Stat. 239) in substance says, that in computing net income there shall be allowed as deductions, (5) losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business.

Section 202 (a), subd. 2, of the Revenue Acts of 1918 and 1921 (40 Stat. 1060, 42 Stat. 229), in substance says that for the purpose of ascertaining a gain or loss sustained from the sale of property acquired on or after March 1, 1913, *the basis shall be the cost thereof*.

In order for the plaintiff to recover, he must show that he comes within the terms of the above-quoted statute.

The plaintiff strenuously urges that the statutes do not require proof of cost of the property. That the method employed by him in recording the net results of the stock sales uses cost as a basis in ascertaining a gain or loss, which is a full compliance with all statutory requirements.

The government with equal force contends that the statutes do require proof of cost and that a recording of the net result of the sale without actual proof of cost as a basis results in a failure of proof, which must preclude the plaintiff from recovering.

The court has read the authorities cited by both sides, and is of the opinion that Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991, is applicable to the issue at bar. The United States Supreme Court in that case had the occasion to construe the very statute before this court. The facts briefly were these. The plaintiff had subscribed $305,000 in 1906 to a fund which was to be repaid out of the liquidation of certain frozen assets. In the course of the administration of the estate, the taxpayer received $33,000 as his share of the liquidation, thereby sustaining a book loss of $271,700 which he deducted from his 1920 return. The court refused to permit such deduction under section 202 (a) of the Revenue Act of 1918, reversed the ruling of the Circuit Court of Appeals for the Third Circuit [39 F.(2d) 351] and said [283 U.S. 223, at page 227, 51 S.Ct. 413, 415, 75 L.Ed. 991]:

"Under this provision, it is necessary to consider, not only the cost of the interest acquired by respondent in 1906, but also its fair market price or value as of March 1, 1913; and whichever of these is found to be the lower must be taken as the basis for determining the loss resulting from the final disposition of the property. In other words, the effect of the provision in respect of value on March 1, 1913, is to limit the deductible loss by that value if it be less than the original cost. This is the effect of the prior decisions of this court. [Cases cited.]"

If this language is capable of misinterpretation, the court clarified its meaning when it stated (283 U.S. 223, at pages 227, 228, 51 S.Ct. 413, 415, 75 L.Ed. 991):

"* * * It was just as necessary under the statute to prove value as of March 1, 1913 as it was to prove cost in 1906, and the amount finally received by him in 1920."

The Burnet Case deals with section 202 (a), subd. 1. At bar, we are concerned with subdivision 2 of the same statute. Essentially, I find that there is no difference between them, except that in the former actual proof is required of both cost and market value (property acquired prior to March 1, 1913), whereas in the latter, the proof required is that of actual cost alone (property acquired after March 1, 1913). The court, therefore, holds that the plaintiff was required both under the statute and the ruling of our highest court to offer some proof of actual cost of the stock in order to

be entitled to any relief. In the briefs submitted by the plaintiff, much stress is put upon the argument that the language in the Burnet Case is susceptible to a construction other than that placed upon it by the government. The court is of the opinion that this contention is refuted by a decision handed down as recently as May 11, 1936.

The case referred to is Gulf, M. & N. R. Co. v. Commissioner of Internal Revenue, 83 F.(2d) 788 (C.C.A.5), certiorari denied 57 S.Ct. 38, 81 L.Ed. ——. Several questions were there considered. The one pertinent to the issue herein dealt with losses claimed on exchange of railroads' securities for physical assets of subsidiary railroads in complete dissolution of subsidiaries acquired during the taxable year. The court in refusing to permit deduction of losses held (page 791):

"Therefore, in order to establish the losses claimed on the exchange of petitioner's securities for the physical assets of the subsidiary railroads acquired during the taxable year, *the petitioner must prove the actual cost of the securities* and also the fair market value of the physical assets at the time of the exchange. Cf. Burnet v. Houston, 283 U.S. 223, 51 S. Ct. 413, 75 L.Ed. 991. If petitioner has failed to prove either, it cannot prevail. The record fails to disclose the cost or the fair market value of petitioner's stock at the time of the exchange. Neither the separate cost or the fair market value of the stock of the Meridian & Memphis Railway Company nor the total cost or fair market value of its bonds and stocks has been shown." (Italics mine.)

The court believes that this decision is a complete answer to the plaintiff's contention.

That the plaintiff may experience difficulty, or that it may even prove impossible for him to prove a fact, required by statute, is no factor in determining whether a taxpayer has brought himself within the terms of a statute. To illustrate this principle, let me again quote from the Burnet Case, 283 U.S. 223, at page 228, 51 S.Ct. 413, 415, 75 L.Ed. 991:

"The definite requirement of section 202 (a) (1) of the act is not thus easily to be put aside. The impossibility of proving a material fact upon which the right to relief depends simply leaves the claimant upon whom the burden rests with an unenforcible claim, a misfortune to be borne by him, as it must be borne in other cases, as the result of a failure of proof. [Cases cited.]"

The statutes involved do not contemplate any prescribed method of proof to be employed by a taxpayer in proving the cost of the stocks in which he speculated, but the statute does require proof relative to cost which will place the court in a position to be able to ascertain with some degree of certainty if the losses claimed were actually sustained and the amounts thereof.

There has been a failure of proof on the part of the plaintiff to establish his causes of action, and the court is compelled to dismiss the complaint and direct judgment for the defendant.